## 46537. BATSON-COOK COMPANY v. R. C. PIERCE
## ROOFING COMPANY, INC. et al.

EBERHARDT, Judge. Pierce, a subcontractor, brought suit against Batson-Cook, the prime contractor on a construction project, to recover a balance alleged to be due to it for installing a roof. Batson-Cook defended, setting up that Pierce was obligated under its subcontract to install a "watertight" roof and to make all repairs necessary to maintain it for a period of five years; that after the roof was installed it "blistered" and many leaks occurred. For a while Pierce responded in making repairs, but then it refused to make further repairs, and it became necessary for Batson-Cook, who was also obligated under the prime contract to maintain the roof, to engage another roofing contractor to make them. A counterclaim was filed for the amount alleged to have been necessary for Batson-Cook to pay out in getting repairs made to the roof which Pierce was obligated to make and which it refused to make.

Pierce contended that the roof was installed in full and strict accord with the specifications of the architect and of the roofing manufacturer (which had supplied the specified materials) as its subcontract required and that the leaks resulted from the defaults of others than itself (perhaps the architect in specifying the wrong kind of materials); that the decking had been improperly installed, and that there had been much condensation of water from changes in temperature—none of which was attributable to any failure on its part to effect a proper installation, and that since it had fully complied with its contract and had installed the roof in accord with the specifications, it could not be held for unsatisfactory results.

The case was tried before a judge without a jury. The evidence is voluminous, and it would serve no useful purpose to include even a condensation of it here. Judgment was entered for the plaintiff, and the appeal is on the general grounds only.

While the defendant, Batson-Cook, made a strong case in defending the action and in support of its counterclaim, and it may be said that in many respects the evidence preponderates in its favor, yet unless it can be said that the evidence demands a

finding in its favor we have no power to reverse the judgment on the general grounds. *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824).

It was for the fact-finder (here the judge) to say whether the leaks in the roof resulted from a faulty installation by Pierce, whether it had been installed strictly in accord with the specifications, and whether others may have been at fault. "[I]f [the subcontractor] has fully complied with his obligations under the contract, both as to the materials used and the manner of doing the work, he is not to be held accountable for unsatisfactory results." *Cannon v. Hunt,* 116 Ga. 452 (1) (42 SE 734).

*Judgment affirmed. Hall, P. J., and Quillian, J., concur. Whitman, J., not participating.*

ARGUED SEPTEMBER 20, 1971—DECIDED NOVEMBER 12, 1971.

*Glover & Davis, Welborn B. Davis, Jr.,* for appellant.
*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for appellees.