DAWSON INDUSTRIES, INC. v. GODLEY CONSTRUCTION CO., INC.

No. 7526SC920

(Filed 5 May 1976)

1. Contracts § 27— roof construction — no breach of contract

In this action to recover the cost of replacing a defective roof installed by defendant contractor on a building it constructed for defendant, the evidence supported the court's findings that the roof defects would not have occurred if the base sheet of the roofing material had been nailed to the roof deck rather than being laminated thereto, that leaks in the roof were caused by normal expansion of the building which caused a pulling apart of the roofing material from the roof deck, and that construction of the building was done in accordance with the plans and specifications as required by the contract between the parties, and the court's findings supported its conclusion that defendant constructed the building in accordance with the contract between the parties and has not breached said contract.

2. **Appeal and Error § 57— unsupported findings — unchallenged findings sufficient to support conclusions**

When findings which are unchallenged or are supported by competent evidence are sufficient to support the judgment, the judgment will not be disturbed because another finding which does not affect the conclusion is not supported by the evidence.

3. **Sales § 6— implied warranty of livability — inapplicability to commercial structure**

There is no implied warranty of livability applicable to a commercial structure.

APPEAL by plaintiff from *Falls, Judge.* Judgment entered 25 June 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 March 1976.

In this action, instituted 5 February 1971, plaintiff seeks to recover $48,000 which it alleges defendant should pay to replace a defective roof defendant installed on plaintiff's building.

The complaint alleges that in September 1967 plaintiff, as owner, and defendant, as general contractor, entered into a contract whereby defendant agreed to erect a building on plaintiff's land in Dawson, Georgia; that defendant failed to construct the roof in conformity with plans and specifications for the building; and that as a result of the defective construction the ". . . roof leaks excessively whenever it rains."

Defendant filed answer in which it admitted entering into a contract for the construction of the building but denied any breach of the contract. In an amendment to the answer, filed 24 January 1974, defendant alleges that on 5 February 1971 plaintiff agreed that if defendant would make certain repairs to the roof that "the dispute . . . would be ended"; that pursuant thereto defendant caused the specified repairs to be made; and that the performance of said work constituted an accord and satisfaction of all disputes between the parties.

Jury trial was waived and, following a trial at which both parties presented evidence, the court entered judgment providing in pertinent part as follows:

FINDINGS OF FACT

1. That the plaintiff and defendant entered into a contract on or about September 22, 1967, in which the defendant agreed to construct a building in Dawson, Georgia, for

the plaintiff according to plans and specifications approved by the plaintiff's architect.

2. That the defendant proceeded to construct the building according to said plans and specifications and delivery of the completed building was tendered to the plaintiff in April 1968 at which time the plaintiff took possession of said building. That during the construction of said building by the defendant, the plaintiff's architect was on the job site from time to time to check on the work in progress.

3. That installation of the roof on the building in question was done by the method of laminating the base sheet of the roof to the roof deck rather than by nailing the base sheet, a method of application which was recommended by the manufacturer of the roofing material.

4. That Section 48 of Division 1 of the General Conditions made a part of the specifications for the construction of said building provides that, "All manufactured articles, materials and equipment shall be applied, installed, connected, erected, used, cleaned and conditioned as directed by the manufacturer, unless herein specified to the contrary."

5. That the defendant questioned the method of application of laminating the base sheet of the roof to the roof deck and was told to proceed with that method by the plaintiff's architect after he had inspected the roof and considered such method of application.

6. That leaks in the roof in question were caused by normal expansion of the building which in turn caused a pulling apart of the roofing material from the roof deck, which would not have occurred had the base sheet of the roofing material been nailed to the roof deck rather than laminated. The warranties in the contract between the parties hereto provided that the defendant warranted only that the workmanship and materials would be free from fault and defects.

7. That there is no evidence in the record in this matter tending to show that any workmanship or materials supplied by the defendant were faulty or defective.
EXCEPTION No. 2

8. That the construction of the building in question by the defendant for the plaintiff was done in accordance with the contract between the parties hereto and in accordance with the plans and specifications as required by said contract.

EXCEPTION NO. 3

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. That the defendant constructed the building in question in strict accordance with the contract between the parties hereto and in strict accordance with the plans and specifications and has not breached its contract with the plaintiff.

EXCEPTION NO. 4

WHEREBY, IT IS HEREBY ORDERED, ADJUDGED AND DE-CREED that the plaintiff have and recover nothing of the defendant and that the plaintiff's claim be dismissed, and that the cost of this action be taxed by the Clerk against the Plaintiff.

Plaintiff appealed.

*Fairley, Hamrick, Monteith & Cobb, by Laurence A. Cobb, for plaintiff appellant.*

*Ervin, Kornfeld & MacNeill, by Winfred R. Ervin and John C. MacNeill, Jr., for defendant appellee.*

BRITT, Judge.

Plaintiff states its assignment of error as follows:

"The Court's finding that the roof defects would not have occurred if the base sheet of the roofing material had been nailed to the roof, that there is no evidence to show any faulty or defective workmanship of materials, and that the construction of the building was done in accordance with the Contract and its conclusion that the building was constructed in strict accordance with the Contract and the Plans and Specifications and that the Defendant has not breached its contract with the Plaintiff.

"Exception No. 1 (R p 87); Exception No. 2 (R p 87); Exception No. 3 (R p 87); Exception No. 4 (R p 87)."

Our review in this case is confined to a consideration of the findings of fact and conclusion of law set out in plaintiff's assignment of error. N.C.R. App. P. 10. That being true, we will not consider questions raised by plaintiff unrelated to the assignment.

Three of plaintiff's exceptions relate to findings of fact 6, 7 and 8 or portions thereof. It is well settled that findings of fact by the trial court are conclusive when supported by competent evidence. Strong's N. C. Index 3d, Appeal and Error, § 57.2. We proceed then to determine if the challenged findings are supported by competent evidence.

[1] First, plaintiff contends the court erred in that part of finding of fact 6 finding that the roof defects would not have occurred if the base sheet of the roofing material had been nailed to the roof. Plaintiff presented as its witness Thomas M. Driggers, a consulting engineer from Albany, Georgia, whom the court found to be an expert in construction and design. Mr. Driggers testified that in his opinion the root cause of the leaking roof was expansion of the structural steel, the building having been erected in the winter when the steel was at its most contracted position. He further testified that the expansion could have been avoided through the use of expansion joints but they were not required by the plans or specifications. Later on he testified (R. p. 32) :

"The roofing material in this case was mopped on. It could have been nailed. Nailing would have retarded movement of the roofing. When the building moved, it would have been able to move somewhat without breaking. . . .

"In my opinion, nailing the roof materials would have minimized the problem. I would say that the base sheet would be able to move somewhat with the desk (sic [deck]) as it moved when it is nailed, rather than being glued directly to it, as the crack occurs and it pulls apart."

We hold that the evidence supports the finding that the leaks would not have occurred had the base sheet of the roofing material been nailed to the roof deck rather than laminated.

Plaintiff's next contention relates to finding of fact 7, "[t]hat there is no evidence in the record in this matter tending to show that any workmanship or materials supplied by the defendant were faulty or defective."

[2]    A careful review of the record discloses that while there might be some evidence tending to show faulty workmanship by defendant, this is of no avail to plaintiff. One of the crucial findings by the court is that part of finding 6 "[t]hat leaks in the roof in question were caused by normal expansion of the building which in turn caused a pulling apart of the roofing material from the roof deck . . ."; plaintiff has not challenged that finding in its assignment of error. When findings that are unchallenged, or are supported by competent evidence, are sufficient to support the judgment, the judgment will not be disturbed because another finding, which does not affect the conclusion, is not supported by evidence. 1 Strong's N. C. Index 3d, Appeal and Error, § 57.2.

We hold that while finding of fact 7 might be deficient, the error does not entitle plaintiff to a new trial since other findings, which are supported by the evidence or are not challenged, are sufficient to support the judgment.

Plaintiff contends the court erred in its finding of fact No. 8 "[t]hat the construction of the building in question by the defendant for the plaintiff was done in accordance with the contract between the parties hereto and in accordance with the plans and specifications as required by said contract."

The plans and specifications constitute the heart of the contract between the parties. Plaintiff's witness Driggers testified (R. p. 30) :

"Based upon my examination of these (contract) documents and my inspection of the building my opinion is that it was built very similar to the way the drawings are drawn up. The details are not maybe as clear as would normally be done, but in general, I would say yes it was constructed fully in accordance with the Plans and Specifications."

Plaintiff's witness J. K. Bost testified (R. p. 64) : "In my opinion the building was constructed according to the Plans and Specifications."

We hold that finding 8 is fully supported by the evidence.

Finally, plaintiff contends the court erred in concluding that "defendant constructed the building in question in strict accordance with the contract between the parties hereto and in strict accordance with the plans and specifications and has not breached its contract with the plaintiff."

[3]   Plaintiff argues that the court in concluding that defendant did not breach its contract with plaintiff did not take into consideration the question of implied warranty. Assuming, *arguendo,* that the question is properly presented to this court, we do not think that any implied warranty of livability is applicable to work on a commercial structure.

The court found, and plaintiff did not preserve an exception to the finding, that the contract between the parties provided that "the defendant warranted only that the workmanship and materials would be free from fault and defects." While recognizing that the doctrine of *caveat emptor* has long been the rule in North Carolina, plaintiff insists that our Supreme Court relaxed the rule in *Hartley v. Ballou,* 286 N.C. 51, 209 S.E. 2d 776 (1974), as applied to purchasers of new buildings. Even if North Carolina law were applicable to the instant case, and it is not, *Hartley* is readily distinguishable as the rule declared in that case applies only to contracts for the sale of a new dwelling when the vendor is in the business of building dwellings.

The contract between the parties here specifically provides that "the law of the place where the Project is located" shall govern, therefore, Georgia law must be applied to the contract. Plaintiff has not cited, and our research has failed to reveal, any Georgia case that has extended the rule of implied warranties even as far as *Hartley v. Ballou, supra.*

In *Cannon v. Hunt,* 116 Ga. 452, 42 S.E. 734 (1902), the plaintiff owner instituted an action against the defendant builder based on breach of a construction contract because the roof of the building in question was leaking; the court held that the leaks were due to an improper method of applying the roofing material but that the method of application was within the contract specifications and did not constitute a breach of contract since the builder was not to be held accountable for unsatisfactory results.

In *Batson-Cook Co. v. Pearce Roofing Co.,* 124 Ga. App. 835, 186 S.E. 2d 358 (1971), the court found no implied warranty on behalf of the builder that a roof would be waterproof when the builder had fully complied with the specifications recommended by the manufacturer of the roofing materials specified in the contract.

We hold that the conclusion of law challenged by plaintiff is fully supported by valid findings of fact.

For the reasons stated, we conclude that plaintiff has failed to show prejudicial error, therefore, the judgment appealed from is

Affirmed.

Judges PARKER and CLARK concur.