JAMES CASE, D/B/A ACE ENTERTAINMENT, PLAINTIFF v. GARY M. MILLER, EXECUTOR OF THE ESTATE OF LACY J. MILLER, DEFENDANT v. JAMES HORN, D/B/A HORN'S GARAGE AND WRECKER SERVICE, INTERVENOR

No. 8321SC466

(Filed 5 June 1984)

1. Attachment § 8; Mechanics' Liens § 1— lien for towing and storage of attached vehicles—intervention in principal action

   Intervenor had a lien under G.S. 44A-2(d) for towing and storage of attached vehicles pursuant to a contract with the sheriff and had a right to intervene in the principal action for the purpose of asserting such lien. G.S. 1-440.43; G.S. 1A-1, Rule 24.

2. Mechanics' Liens § 1— lien for towing and storage of attached vehicles—effect of sale of vehicles

   Intervenor's lien for the towing and storage of attached vehicles was not extinguished when possession of the vehicles was surrendered and they were

sold pursuant to court order prior to the intervention since the lien amount is collectable from the proceeds of sale. G.S. 44A-5.

**3. Mechanics' Liens § 1— lien for towing and storage—failure to file with executor**

Intervenor's claim of lien for towing and storage of attached vehicles was not barred because notice of the claim was not filed with the deceased defendant's executor within six months after the notice to creditors was published as provided by G.S. 28A-19-3(a).

**4. Mechanics' Liens § 1— extent of lien for towing and storage of attached vehicles**

Intervenor's lien for the towing and storage of attached vehicles pursuant to a contract with the sheriff was not limited to charges incurred within 180 days of commencement of storage. G.S. 44A-4(a).

APPEAL by defendant Executor from *Rousseau, Judge.* Judgment entered 4 November 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 12 March 1984.

Defendant's appeal is from a judgment ordering the Sheriff of Forsyth County to pay to the intervenor, Horn's Garage and Wrecker Service, $6,291 for storing cars levied on by the Sheriff, pursuant to an order of court. The merits of the principal action, in which plaintiff sued Lacy Miller for breach of contract, Miller counterclaimed, and after he died his Executor was substituted as a party defendant, are not involved in the appeal.

While the intervenor was a stranger to the case, with no interest in it, an order of attachment was issued, requiring the Sheriff to levy on and take possession of seven motor vehicles belonging to defendant. Having no means to tow the vehicles or any place to keep them, the Sheriff on 8 March 1980 engaged the intervenor to tow them to his garage and store them. The attached cars remained at the intervenor's garage and on 16 January 1981 the Sheriff petitioned the Clerk of Court for authority to sell them because the wrecker and storage bill then amounted to $6,000, was increasing daily, and would soon exceed their value. The Clerk granted the petition and on 30 January 1981 the Sheriff sold the vehicles at public sale for $7,435, which he still holds pending the court's authority to disburse it. On 26 March 1981 Horn moved to intervene in the case for the purpose of asserting his towing and storage lien in the amount of $6,291 against the car sale proceeds held by the Sheriff; and over defendant's objection Judge Seay allowed the intervention re-

quested on 15 April 1981. On 30 April 1981 the Sheriff filed a motion, showing that in carrying out the orders of the court he had incurred expenses in the amount of $6,291, which the parties refused to pay, and requested authority to pay Horn's bill for towing and storing the seven motor vehicles. On 8 May 1981, an order was entered dissolving the attachment proceedings, but directing the Sheriff to retain the sale proceeds of $7,435 until the intervenor's claim is adjudicated. On 18 October 1982, plaintiff and defendant voluntarily dismissed their claims and counterclaims against each other with prejudice, thereby leaving only the intervenor's claim for disposition. On 4 November 1982, after a hearing, the court found and concluded that the intervenor is entitled to be paid $6,291 from the funds held by the Sheriff and entered judgment directing the Sheriff to pay it.

*White and Crumpler, by Fred G. Crumpler, Jr., G. Edgar Parker, and Randolph M. James, for defendant appellant Miller.*

*Morrow and Reavis, by Alvin A. Thomas, for intervenor appellee Horn.*

PHILLIPS, Judge.

Defendant's contentions, based on eleven assignments of error, are many and varied. In short, he contends that Horn's Garage and Wrecker Service had no right to intervene in the case, and has no lien on the funds held by the Sheriff, either because one was never acquired or if acquired was lost for failing to comply with the law in one respect or another. In our opinion, none of defendant's contentions have merit and we affirm the judgment.

[1] That Horn had lien rights against the fund and was entitled to intervene in the case because of them could not be clearer. G.S. 44A-2(d) gives any "person who . . . tows or stores motor vehicles . . . pursuant to an express or implied contract with [the] legal possessor" thereof a lien on the vehicles for the charges incurred. Since the Sheriff, with whom Horn contracted to look after the vehicles, was a legal possessor, Horn had a lien on them from the time he began towing them away from defendant's place to his. And his lien was enforceable in this action under the explicit language of Rule 24 of the North Carolina Rules of Civil Procedure and G.S. 1-440.43. Rule 24 provides: "(a) Intervention of

Right. Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene." G.S. 1-440.43 provides:

> Any person other than the defendant who claims property which has been attached, or any person who has acquired a lien upon or an interest in such property, whether such lien or interest is acquired prior to or subsequent to the attachment, may

> . . . .

> (2) Intervene and secure possession of the property in the same manner and under the same conditions as is provided for intervention in claim and delivery proceedings.

Thus, having "acquired a lien" or "interest in such property," as Horn had certainly done by storing the cars for nearly a year, he had an unconditional right to intervene, which Rule 24 required the judge to enforce.

[2] Defendant's contention that Horn had no lien because possession of the vehicles was surrendered and they were sold prior to intervention fails to take other applicable statutes into account. The sale of property encumbered by a statutory lien does not extinguish the lien; instead, its obligations are collectable from the proceeds of sale. G.S. 44A-5. And while it is true that possessory liens generally terminate when the lienor relinquishes possession, that only applies when possession is surrendered *voluntarily*. G.S. 44A-3. Here, possession of the vehicles was surrendered in obedience to a court order directing their sale; and obedience to court orders does not work a forfeiture of one's rights.

[3] Nor is Horn's claim barred because notice of it was not filed with the defendant Executor within six months after the notice to creditors was published as G.S. 28A-19-3(a) provides. Because G.S. 28A-19-3(g) provides:

> Nothing in this section affects or prevents any action or proceeding to enforce any mortgage, deed of trust, pledge, lien (including judgment lien), or other security interest upon any property of the decedent's estate, but no deficiency judgment will be allowed if the provisions of this section are not complied with.

Since Horn had a valid lien, as we have already ruled, he could proceed against the property or the proceeds of its sale up to its value without filing the usual notice of claim.

[4]   Finally, defendant's contention that if Horn has a lien, it is limited to charges incurred within 180 days of the commencement of storage is likewise mistaken. Though G.S. 44A-4(a), upon which defendant relies, does so provide, it does not stop there, its very next sentence being as follows: "Provided that when property is placed in storage pursuant to an express contract of storage, the lien shall continue and the lienor may bring an action to collect storage charges and enforce his lien at any time within 120 days following default on the obligation to pay storage charges." Because of this latter provision and the storage was under an express contract, Horn's right to collect did not end 180 days after the storage began, but 120 days after the default occurred. And since his contract with the Sheriff was not on the usual month to month or week to week basis, but was subject to the control of the court, as the course of the litigation required, if default had occurred even when the action to collect by intervention was filed, the record does not show it. Thus, the intervenor was, as His Honor ruled, entitled to collect for the full period claimed.

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.