DEBORAH M. JOYNER, Plaintiff,
v.
LINWOOD EARL BOWEN, Defendant.
No. COA09-250.
Court of Appeals of North Carolina.
Filed April 6, 2010.
This case not for publication
Fields & Cooper, PLLC, by Elizabeth H. Fairman, for plaintiff-appellee.
Hester Moore & Tucker, PLLC, by Joseph M. Hester, Jr., for defendant-appellant.
JACKSON, Judge.
Linwood Earl Bowen ("defendant") appeals from the 9 January 2008 judgment in favor of Deborah M. Joyner ("plaintiff") on plaintiff's claim and on defendant's counterclaim. For the reasons set forth below, we affirm.
This case presents conflicting claims to two different boats, each with its own motor and trailer. The first boat is a 1999 Procraft bass boat ("Procraft boat") with a 1998 Procraft trailer ("Procraft trailer") (collectively, "Procraft boat and trailer"). The second boat is a 1998 Blazer Bay boat ("Blazer Bay boat") with a 1998 Load trailer ("Load trailer").
Plaintiff is the widow of James H. Joyner ("Joyner"), who died on 4 November 2005, and she has qualified as the administrator of his estate. Prior to Joyner's death, he operated Compass Creek Motors, a used car lot in Rocky Mount, North Carolina. As part of this business, Joyner bought and repossessed cars and boats, repaired them, and sold them for profit.
Occasionally, Joyner loaned some of his business's boats to his friends and associates until he found buyers for the boats. When Joyner loaned out a boat, he also transferred title to the boat to the person who borrowed it. The borrower then would register the boat in his or her name and would be responsible for paying taxes on it.
Sometime after Joyner's death on 4 November 2005, plaintiff found an envelope containing a Certificate of Title for the Blazer Bay boat in Joyner's records. A note was written on the outside of the envelope in Joyner's handwriting which read, "1998 Blazer center console boat Linwood is just using he has not paid for boat or trailer." The title listed defendant as the owner of the boat and listed Joyner as the first lienholder. Plaintiff found another envelope containing a title to the Load trailer, which also had a note in Joyner's handwriting indicating that defendant had not purchased and merely was borrowing the Blazer Bay boat and Load trailer.
Plaintiff gave the title certificates and the envelopes to the attorneys who represented Joyner's estate, and they wrote a letter to defendant on 12 February 2007, asking him to return the Blazer Bay boat and the Load trailer to plaintiff. Defendant responded to the letter, claiming that he had purchased the Blazer Bay boat and the Load trailer from Joyner for $6,000.00. Defendant further claimed that he already had paid Joyner $5,000.00 in cash and still owed $1,000.00, which he offered to pay to the estate. Defendant also gave the estate's attorneys a copy of a bill of sale which listed the price paid for the Blazer Bay boat as $1,000.00 and was signed by defendant and Joyner. When the Blazer Bay boat was not returned, plaintiff repossessed the boat.
In addition to the documents relating to the Blazer Bay boat, plaintiff also found Certificates of Repossession for the Procraft boat and trailer in Joyner's records. The certificates listed Centura Bank as the secured party and the date of repossession as 6 June 2000. On 27 August 2007, plaintiff obtained title to the Procraft boat and trailer from Centura Bank. At that point, however, defendant had actual possession of the Procraft boat, and plaintiff attempted to repossess it. Defendant did not allow plaintiff to repossess the Procraft boat, and he claimed that he was owed storage fees because he helped Joyner repossess the boat and had stored it at his business since May 2003.
On 4 September 2007, plaintiff filed a complaint in small claims court to recover possession of the Procraft boat and trailer. On 18 September 2007, defendant filed an answer and counterclaim alleging that he previously had purchased the Blazer Bay boat and Load trailer. On 24 September 2007, the matter came on for hearing before a magistrate. The magistrate found for defendant. Plaintiff appealed to district court, and defendant subsequently filed a counterclaim. A bench trial was held on 6 November 2007, and on 7 January 2008, the trial court entered its order. Following the trial, the court entered the following findings of fact relevant to the Procraft boat and trailer:
5. Plaintiff, Deborah M. Joyner, is the owner of the Procraft boat, motor and trailer.
6. Said Procraft boat, motor and trailer were repossessed on or after June 6, 2000 and since that time have been located at defendant's place of business in Rocky Mount, Nash County, North Carolina.
7. There is no evidence before the court to support defendant's contention that defendant has a statutory lien on said Procraft boat, motor and trailer for towing and storage as provided for in Chapter 44A of the North Carolina General Statutes.
8. Defendant never filed a claim for towing and storage fees with the estate of James H. Joyner, nor did defendant take any other action to collect towing and storage fees or to enforce a lien against said Procraft boat, motor and trailer prior to filing a counterclaim in this action.
. . . .
10. James H. Joyner owned many boats. His regular course of conduct with regard to boats he owned was to allow friends and associates to use his boats for their own enjoyment until such time as he found buyers for the boats. As part of his regular course of conduct, James H. Joyner transferred the titles to the persons enjoying the use of the boats so that those persons could register the boats in their names and be responsible for paying property taxes on the boats.
Based upon the trial court's findings of fact, the court concluded that defendant was not entitled to a statutory lien for towing and storage fees on the Procraft boat and trailer, and that plaintiff owned and was entitled to possession of the Blazer Bay boat and the Load trailer. From the trial court's order, defendant appeals.
Defendant first argues that the trial court erred in determining that defendant was not entitled to a statutory lien on the Procraft boat and trailer pursuant to North Carolina General Statutes, section 44A-2(d). Specifically, defendant contends that: (1) the trial court's findings of fact numbered seven and eight are not supported by competent evidence; and (2) the trial court's conclusions of law are not supported by its findings of fact. We disagree.
Our review of a trial court's decision in a non-jury trial is limited to "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary." Sessler v. Marsh, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163, disc. rev. denied, 354 N.C. 365, 556 S.E.2d 577 (2001) (internal citations omitted). Further, "[t]he trial court's conclusions of law drawn from the findings of fact are reviewable de novo." Terry's Floor Fashions, Inc. v. Crown Gen. Contr'rs, Inc., 184 N.C. App. 1, 21, 645 S.E.2d 810, 823 (2007), aff'd, 362 N.C. 669, 669 S.E.2d 321 (2008) (per curiam) (citation omitted).
North Carolina General Statutes, section 44A-2(d) provides:
Any person who repairs, services, tows, or stores motor vehicles in the ordinary course of the person's business pursuant to an express or implied contract with an owner or legal possessor of the motor vehicle . . . has a lien upon the motor vehicle for reasonable charges for such repairs, servicing, towing, storing . . . .
N.C. Gen. Stat. § 44A-2(d) (2007).
Thus, in order to assert a lien pursuant to North Carolina General Statutes, section 44A-2(d), defendant had to prove that (1) he repairs, services, tows, or stores motor vehicles in the ordinary course of his business; and (2) he had an express or implied contract with Joyner.
In finding of fact number seven, the trial court found that there was no evidence before it to support defendant's contention that he was entitled to a statutory lien on the Procraft boat and trailer. However, after a careful examination of the limited record before this Court, it appears that defendant presented at least some testimonial and documentary evidence that was relevant to prove that he towed and stored boats in the ordinary course of his business, and that he had a contract with Joyner. Therefore, we cannot say that the trial court's finding of fact number seven is supported by competent evidence in the record.
Although finding of fact number seven is not supported by the record, it is of no avail to defendant because the remainder of the trial court's findings of fact are supported by competent evidence, and they provide ample support for the trial court's conclusions of law. "When findings that are unchallenged, or are supported by competent evidence, are sufficient to support the judgment, the judgment will not be disturbed because another finding, which does not affect the conclusion, is not supported by the evidence." Industries, Inc. v. Construction Co., 29 N.C. App. 270, 275, 224 S.E.2d 266, 269, disc. rev. denied, 290 N.C. 551, 226 S.E.2d 509 (1976) (citation omitted).
In findings of fact numbered eight and ten, the trial court found that (1) prior to being served with plaintiff's complaint, defendant took no action to collect the money he claims is owed to him for towing and storing the Procraft boat and trailer from Joyner or his estate; and (2) Joyner's regular course of conduct was to allow friends and associates to use the many boats that he owned for their own enjoyment until he found buyers for the boats. These facts are supported by the narration of testimonial evidence included in the record.
Finding of fact number eight is supported by competent evidence in the record. In the narration of testimonial evidence, which the parties filed in lieu of filing a transcript with this Court, defendant acknowledges that he did not file any documents with any government agency with respect to a lien on the Procraft boat and trailer, nor did he make any claim against Joyner's estate for towing and storage fees. Therefore, defendant's own evidence supports finding of fact number eight, and we hold that it is supported by competent evidence.
However, defendant argues that finding of fact number eight was error because it required him to file a claim against Joyner's estate in order to "perfect a possessory lien." Defendant relies upon Case v. Miller, 68 N.C. App. 729, 315 S.E.2d 737 (1984), to support his argument. Defendant's reliance upon Miller is misplaced because that case merely held that the holder of a statutory lien pursuant to North Carolina General Statutes, section 44A-2(d) was not required to file notice with the debtor's estate in order to collect the money owed to him pursuant to the lien. Miller, 68 N.C. App. at 732, 325 S.E.2d at 739. In Miller, there was no dispute as to whether a lien existed in the first place. See id.
In the case sub judice, the trial court found as a fact that defendant had not attempted to collect on the lien that he claims he held. This fact was probative as to whether defendant and Joyner had a contract for towing and storage of the Procraft boat and trailer, and in no way required defendant to prove as a matter of law that he filed a claim against Joyner's estate in order to collect on the lien. Therefore, finding of fact number eight was used by the trial court to determine whether a lien existed, not whether defendant could collect on the lien.
Finding of fact number ten also is supported by competent evidence. Plaintiff's witness, Susan Williamson ("Williamson") testified that Joyner loaned a fishing boat to her and her husband. Williamson further testified that Joyner transferred the title to her husband, but it was understood that Williamson's husband did not own the boat and the Williamsons would have to return it to Joyner upon his request. The Williamsons also were required to pay the property taxes on the boat while it was in their possession. Additional testimony was provided indicating that Joyner repeated this pattern with other friends. In light of Williamson's testimony and other statements in the narration of testimonial evidence, we hold that there is competent evidence in the record to support finding of fact number ten.
The trial court logically could have inferred from findings of fact eight and ten that (1) Joyner merely had loaned the Procraft boat to defendant; (2) defendant acted inconsistently with a person who was owed several thousand dollars in towing and storage fees; and (3) therefore, defendant did not have a contract with Joyner to tow or store the Procraft boat and trailer. While these may not be the only inferences that may be drawn from these facts, it is solely the trial court's responsibility to "pass[] upon the credibility of the witnesses and the weight to be given their testimony and the reasonable inferences to be drawn therefrom. If different inferences may be drawn from the evidence, he determines which shall be drawn, and which shall be rejected." Knutton v. Cofield, 273 N.C. 355, 359, 160 S.E.2d 29, 33 (1968) (citation omitted).
Therefore, we hold that the trial court's findings of fact numbered eight and ten are supported by competent evidence, and support its conclusion of law that defendant did not have a lien on the Procraft boat and trailer.
Defendant also argues that the trial court erred in concluding that defendant did not purchase the Blazer Bay boat and Load trailer from Joyner and that plaintiff was the owner and entitled to their possession. We disagree.
The trial court made the following findings of fact with regard to the Blazer Bay boat and Load trailer:
10. James H. Joyner owned many boats. His regular course of conduct with regard to boats he owned was to allow friends and associates to use his boats for their own enjoyment until such time as he found buyers for the boats. As part of his regular course of conduct, James H. Joyner transferred the titles to the persons enjoying the use of the boats so that those persons could register the boats in their names and be responsible for paying property taxes on the boats.
11. On or about March 15, 2005, James H. Joyner transferred possession of and title to the Blazer Bay boat, motor and trailer to defendant so that defendant could register said boat in his name and use it in an upcoming fishing tournament.
12. For purposes of the record on appeal, defendant testified that a few days prior to March 15, 2005 he paid $5,000.00 cash to James H. Joyner for the Blazer Bay boat, motor and trailer. Defendant further testified that the total price was $6,000.00 and that he owes $1,000.00 on said Blazer Bay boat, motor and trailer.
13. For purposes of the record on appeal, defendant's son, Russell Bowen testified that he witnessed his father pay $5,000.00 cash to James H. Joyner.
. . . .
16. The court does not find the testimony described in paragraphs twelve and thirteen to be persuasive . . . in light of the absence of written documentation of a $5,000.00 transaction, and in light of the fact that defendant knew James H. Joyner died in November, 2005 but for more than a year afterward never contacted the widow, nor made any claim with the estate of James H. Joyner, regarding the Blazer Bay boat, motor and trailer.
Additionally, in findings of fact numbered fourteen and fifteen, the trial court found that Joyner wrote notes on the outside of envelopes containing the original certificates of title to the Blazer Bay boat and Load trailer indicating that defendant merely was borrowing them and that no sale had taken place.
Each of these findings is supported by competent evidence in the record. As discussed supra, finding of fact number ten is supported by plaintiff's narration of the evidence, and Williamson's testimony.
Finding of fact number eleven is supported by plaintiff's exhibits numbered one and two which were admitted into evidence at trial without objection, as well as by the narration of testimony. Plaintiff's exhibits numbered one and two are the Blazer Bay boat and Load trailer certificates of title, which list defendant as owner and Joyner as a lienholder. These exhibits establish that Joyner transferred title to the Blazer Bay boat and Load trailer to defendant. Further, Lynn Joyner, who handled the transfer of title from Joyner to defendant testified that defendant was anxious to have the Blazer Bay boat titled in his name so he could use it to fish the weekend after the transfer. Additionally, Williamson testified that defendant told her that Joyner loaned him a boat to use in a fishing tournament. This evidence plainly supports finding of fact number eleven.
Findings of fact numbered fourteen and fifteen are merely descriptions of the notes that Joyner wrote on the envelopes containing the titles to the Blazer Bay boat and Load trailer. These findings of fact clearly are supported by competent evidence because there is no variance between the findings of fact and plaintiff's exhibits. In fact, the findings of fact quote the language that was written on the envelopes.
Finding of fact number sixteen merely states the trial court's determination that it did not find defendant's testimony persuasive in light of the other evidence presented. Because it is exclusively the trial court's responsibility to determine whether to credit a witness's testimony, this finding of fact will not be disturbed on appeal. See Knutton, 273 N.C. at 359, 160 S.E.2d at 33.
These findings of fact are sufficient to support the trial court's conclusion that defendant did not purchase the Blazer Bay boat and Load trailer from Joyner. While defendant's testimony conflicted with (1) Joyner's handwritten notes indicating that defendant merely was borrowing the boat and trailer and (2) the testimony given by the plaintiff's witnesses, it was solely the trial court's responsibility to determine "credibility of the witnesses and the weight to be given their testimony and the reasonable inferences to be drawn therefrom." Id. The trial court chose to credit plaintiff's evidence and not to believe defendant's. Because the trial court's findings of fact are supported by competent evidence, they are binding on appeal. Sessler, 144 N.C. App. at 628, 551 S.E.2d at 163. Accordingly, we hold that the trial court's conclusion that plaintiff was the owner of the Blazer Bay boat and Load trailer was supported by competent evidence.
Next, defendant argues that, because a certificate of title to a vessel is prima facie evidence of ownership, the trial court erred in determining that plaintiff was the rightful owner of the Blazer Bay boat and Load trailer. We disagree.
Defendant contends that plaintiff's evidence presented at trial was "not sufficient to rebut [his] prima facie evidence." While it is true that defendant presented prima facie evidence of ownership of the boat to the trial court in the form of the boat's certificate of title, see N.C. Gen. Stat. § 75A-37(a) (2007), his argument shows a misapprehension of the concept of prima facie evidence.
Defendant cites to Black's Law Dictionary for the proposition that prima facie evidence is evidence, "sufficient to establish a given fact . . . and which if not rebutted or contradicted, will remain sufficient." Black's Law Dictionary 1137 (Rev. 4th ed. 1968). However, our Supreme Court has described the standard differently:

Prima facie has been defined as "a cause of action or defense sufficiently established by a party's evidence to justify a verdict in his favor, provided the other party does not rebut such evidence." The term prima facie is said to mean "as it first appears; at first sight; at first view; on its face; on the face of it; on first appearance; presumably; so far as can be judged by the first disclosure." In our jurisdiction any substantial evidence, unrebutted, is sufficient, prima facie, to support the allegation.
Cameron v. Cameron, 231 N.C. 123, 128, 56 S.E.2d 384, 388 (1949) (internal citations omitted).
Thus, defendant's prima facie evidence merely established that, in the absence of evidence presented by plaintiff, he needed to present no other evidence to show that he was the owner of the Blazer Bay boat and Load trailer. Defendant's prima facie evidence did not raise a presumption that he was the owner of the boat, nor did it shift the burden of proof. See id. Had plaintiff failed to present any evidence on the issue, defendant may have been entitled to a judgment in his favor. However, plaintiff presented competent evidence that persuaded the trial court that Joyner did not sell the boat to defendant, and plaintiff, therefore, was the owner of the boat and trailer. In light of the foregoing, and because the trial court's findings of fact are supported by competent evidence and support its conclusions of law, defendant's argument here is without merit.
Defendant next argues that Joyner's practice of loaning out his boats and transferring title to his friends while he looked for buyers was fraudulent and should entitle defendant to ownership of the Blazer Bay boat and Load trailer. Defendant also contends that since the purpose of the title system is "to allow any person, such as a potential lender, lienholder, buyer, or seller, to determine who has valid ownership of a vessel," allowing evidence at trial (such as Joyner's handwritten notes) that contradicts and overcomes a certificate of title undermines the entire title system, and will negatively affect "our state's and our nation's commerce."
However, defendant has failed to cite any authority in support of his contention that Joyner's alleged fraud entitles defendant to ownership of the Blazer Bay boat and Load trailer. Therefore, this argument is deemed abandoned pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 28(b)(6) (2007); see Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008).
Finally, we note that the brief defendant filed with this Court failed to comply in at least one other respect with the North Carolina Rules of Appellate Procedure. Rule 28(b)(6) sets forth the requirement that, "[t]he body of the argument [of the appellant's brief] and the statement of the applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies." N.C. R. App. P. 28(b)(6) (2007). In the few instances in which defendant cited authorities in support of his arguments, the citations were appended as endnotes after the conclusion of the brief. While we decline to impose sanctions pursuant to Rules 25 and 34 of the North Carolina Rules of Appellate Procedure for the violation of Rule 28(b)(6), we caution that defendant's failure to conform to the Rules of Appellate Procedure imposes a significant burden on this Court's time and its limited resources.
Affirmed.
Judges McGEE and STEELMAN concur.
Report per Rule 30(e).