First National Bank of Catawba County v. Edens

FIRST NATIONAL BANK OF CATAWBA COUNTY, IN ITS CAPACITY AS GUARDI-
AN OF DAVID ROYER GEITNER, AN INCOMPETENT, APPELLANT v. JOSEPH P.
EDENS, JR., TRUSTEE AND HARVEY A. JONAS, JR., TRUSTEE, CO-TRUSTEES
UNDER THE CHRISTINE M. GEITNER TESTAMENTARY TRUST, AND JOSEPH P.
EDENS, JR., MRS. DOUGLAS M. EDENS, GRACE M. HARTIS GIBSON,
GLADYS PONDER MITCHELL, VIRGINIA M. ROGERS, ANITA MITCH-
ELL, GUARDIAN FOR ROBERT L. MITCHELL, JR., AND ANITA MITCHELL,
GUARDIAN FOR DAVID C. MITCHELL, BENEFICIARIES, APPELLEES

No. 8125SC529

(Filed 16 February 1982)

1. Trusts § 6.1— distribution of trust income—discretionary with trustees

The trial court did not err in ruling that the terms of a testamentary
trust gave defendant trustee sole discretion, and the right to exercise such
discretion, in determining whether to contribute to the support of a
beneficiary.

2. Trusts § 6.1— refusal of trustees to contribute to a beneficiary's support—no
abuse of discretion

There was no error in the court's ruling that the trustees did not abuse
their discretion in refusing to contribute to the support of an incompetent
beneficiary. There was evidence the trustees considered the beneficiary's
needs and the size of a guardianship account and concluded that the guardian-
ship account was still sufficient to provide for the beneficiary's support.

3. Trusts § 5— ruling concerning future contributions to support of beneficiary
error

In an action seeking injunctive relief and seeking a declaratory judgment
to determine the rights, status, and legal relations existing among various
beneficiaries of a testamentary trust, a part of a ruling which determined the
trustees would not be required to contribute to a beneficiary's support until
the income and corpus of a guardianship account were insufficient for the sup-
port of the beneficiary were mere surplusage and must be stricken from the
judgment. The record was blank as to the issue of any future abuse of discre-
tion in distributing the trust's income and could not support the ruling.

APPEAL by plaintiff from *Grist, Judge*. Judgment entered 12
March 1981 in Superior Court, CATAWBA County. Heard in the
Court of Appeals on 14 January 1982.

This appeal arises from plaintiff's action seeking injunctive
relief to compel defendant trustees to pay over to plaintiff, as
guardian and for the benefit of its incompetent ward, certain in-
comes accruing from the corpus of a testamentary trust, and seek-
ing a declaratory judgment to determine the rights, status, and

legal relations existing among various beneficiaries of the testamentary trust.

Evidence presented in the case tended to show, *inter alia*, the following:

Plaintiff is the guardian of David R. Geitner, a forty-nine year old incompetent who was the adopted son of the now deceased John G. H. Geitner and Christine M. Geitner. By virtue of a court-approved family settlement agreement entered on 27 June 1960 after Christine M. Geitner dissented to the will of her husband John G. H. Geitner, the incompetent David R. Geitner received a share in his father's estate. Also, upon the death of Christine M. Geitner in 1961, her duly probated will established in "*Item Ten*" a testamentary trust

for the following uses and purposes:

(A) To use any part of the income from and/or corpus of said Trust which, in the sole discretion of said Trustees, may be necessary or proper for the support, maintenance, and comfort of my son DAVID R. GEITNER, so long as he lives. In making such determinations from time to time, I direct my said Trustees to take into consideration my said son's needs and the amount of income from his share in the estate of his father, the late John G. H. Geitner. I believe the income from his share in the John G. H. Geitner estate will be more than adequate for his every need and comfort, but if it is not then I decree that my said trustees shall have the power and authority, in their sole discretion, to use any part or all of the income from the trust and/or any part or all of the corpus of the trust for such purposes.

(B) During December of every calendar year following the establishment of the trust and continuing until said trust is closed as hereinafter directed, I direct my said Trustees to distribute any part or all of the income from said trust, or from the remainder thereof if any part of the corpus or income is used for the purposes set forth in sub-paragraph (A) above, which they do not use for the purposes authorized in sub-paragraph (A) above, as follows:

One equal share thereof to my sister, MRS. DOUGLAS M. EDENS, during her life and, following her death, in equal

shares to such persons as she may appoint to receive the same in her last will and testament;

One equal share thereof to my sister, DOROTHY MITCHELL, during her life and, following her death, to such persons as she may appoint to receive the same in her last will and testament;

One equal share to my sister, MARY MITCHELL, during her life and, and after her death, to such persons as she may appoint to receive the same in her last will and testament;

One equal share thereof to my brother, J. H. MITCHELL, during his life, and, after his death, to such persons as he may appoint to receive the same in his last will and testament; and

One equal share thereof in equal shares to the heirs at law of my deceased brother, EARL MITCHELL, per stirpes, as determined by the laws of North Carolina, during their respective lives and, after death, to those who may be appointed to receive the same in the last wills and testaments of said heirs at law; and

One equal share thereof to my nephew, JOSEPH P. EDENS, JR. during his life and, after his death, to such persons as he may appoint to receive the same in his last will and testament.

*Item Eleven:* Upon the death of my son DAVID R. GEITNER, I direct my said Trustees to close the trust and to disburse any undistributed income and any remaining corpus thereof to those designated in sub-paragraph (B) of Item Ten of this my will as beneficiaries of the income of the trust, in the proportions stipulated in said sub-paragraph (B).

Since the inception of the Christine M. Geitner Testamentary Trust, all of the income which has accrued from the corpus of the trust, with the exception of the costs of trust administration, has been paid to the individuals or their appointees as is set forth in Item Ten, sub-paragraph (B) of the trust. No monies have ever been paid from the Christine M. Geitner Testamentary Trust for the support, maintenance, and comfort of David R. Geitner.

Plaintiff, as guardian for David R. Geitner, held the assets he received as his share in the estate of John G. H. Geitner. From the inception of the guardianship on 19 May 1961 through 19 June 1975, the assets held by plaintiff as guardian generated more income than was necessary for the proper upkeep of its ward. All income not used for the support of David R. Geitner was transferred by the plaintiff guardian to the corpus of the guardianship account for investment. Approximately $172,459.53 of excess income was added to the principal account between 1961 and 1976.

Since 1975, the cost of David R. Geitner's upkeep increased substantially, causing annual income deficits and encroachments into the assets of the guardianship estate. In 1976, plaintiff had to invade the corpus in the amount of $15,762.18 in order to provide its ward with sufficient maintenance and support, and plaintiff has invaded the corpus each year since 1976 as follows: $8202.75, for 1977; $9323.93, for 1978; $29,438.48, for 1979; and $28,124.57, for 1980. In 1981, the anticipated encroachment would be $56,365.63, of which $44,015.63 had already been taken from the corpus. An encroachment of approximately $35,000 was anticipated for the 1982 reporting period, assuming that plaintiff received no payment from the Christine M. Geitner Testamentary Trust.

The approximate fair market value of the guardianship account at the end of the May 31, 1980 reporting period was $953,270.82, generating an income that year of $65,228.21. The approximate fair market value of the Christine M. Geitner trust as of 31 December 1980 was $605,234.20, generating an income that year of approximately $36,453.47.

In each year since 1975, the year of the guardianship account's first income deficit and encroachment, defendant co-trustees of the Christine M. Geitner testamentary trust have determined not to make any distribution of trust income for the support, maintenance, or comfort of David R. Geitner. These yearly decisions have been made by the defendant trustees after they have examined the accounting records reporting the costs for David R. Geitner's care filed each year by the plaintiff guardian with the clerk of court, considered the size of the estate under the guardianship and the income therefrom and the amounts spent for his welfare, and concluded that the guardianship account was still sufficient to provide for David R. Geitner's support.

The trial judge made findings of fact consistent with the evidence recounted, and entered conclusions of law and a judgment, *inter alia*, that under the Christine M. Geitner trust, defendants were given sole discretion in determining whether to contribute to David R. Geitner's support and that they have a right to exercise their discretion; that defendants had not abused their discretion in refusing to contribute to the support of David R. Geitner; and that, as of the date of the hearing, defendants were not required to contribute to the support of David R. Geitner and could distribute the trust income in accordance with Item 10(B) of Christine M. Geitner's will. From such judgment, plaintiff appealed.

*Sigmon, Clark and Mackie, by E. Fielding Clark, II, for plaintiff appellant.*

*Williams & Pannell, by Richard A. Williams and Richard A. Williams, Jr., for defendant appellees.*

HEDRICK, Judge.

[1] Plaintiff assigns as error the court's ruling that the terms of the Christine M. Geitner testamentary trust gave defendant trustees sole discretion, and the right to exercise such discretion, in determining whether to contribute to the support of David R. Geitner. Plaintiff argues that the trust's terms require defendants to make a contribution from the testamentary trust whenever the income from the guardianship account is not sufficient to pay for David R. Geitner's support for the relevant year.

> The powers of a trustee are either mandatory or discretionary. A power is mandatory when it authorizes *and commands* the trustee to perform some positive act. . . . A power is discretionary when the trustee may either exercise it or refrain from exercising it, . . . or when the time, or manner, or extent of its exercise is left to his discretion.

*Woodard v. Mordecai*, 234 N.C. 463, 471, 67 S.E. 2d 639, 644 (1951). [Emphasis added.]

The language of the testamentary trust in the present case charges the trustees "[t]o use any part of the income from and/or corpus of said Trust which, *in the sole discretion of said Trustees,* may be necessary or proper for the support, maintenance and

comfort of my son DAVID R. GEITNER, so long as he lives." [Emphasis added.] The trust's language also states that if the income from David's share in the John G. H. Geitner estate is not adequate for David's every need and comfort, "then . . . said trustees shall have the *power and authority, in their sole discretion*, to use any part or all of the income from the trust and/or any part or all of the corpus of the trust for such purposes." [Emphasis added.] It is significant that the settlor twice referred to the "sole discretion" of the trustees. Furthermore, the trust instrument addresses the situation of the income from the guardianship account being insufficient for David's support; upon such contingency, the language does not say that the trustees *shall* distribute from the trust, but only that the trustees shall have the power and authority, in their sole discretion, to so distribute. The language, therefore, is permissive, not mandatory. *Compare Kuykendall v. Proctor*, 270 N.C. 510, 155 S.E. 2d 293 (1967). Upon an income deficit in the guardianship account, the trustees are not commanded to distribute, but are merely empowered to do so; they may either exercise their power to distribute or refrain from doing so, in their discretion. The power to distribute is discretionary and this assignment of error is overruled.

[2] Plaintiff also assigns error to the court's ruling that the trustees did not abuse their discretion in refusing to contribute to David R. Geitner's support.

> The court will always compel the trustee to exercise a mandatory power. . . . It is otherwise, however, with respect to a discretionary power. The court will not undertake to control the trustee with respect to the exercise of a discretionary power, except to prevent an abuse by him of his discretion. The trustee abuses his discretion in exercising or failing to exercise a discretionary power if he acts dishonestly, or if he acts with an improper even though not a dishonest motive, or if he fails to use his judgment, or if he acts beyond the bounds of a reasonable judgment.

*Woodard v. Mordecai, supra* at 471, 67 S.E. 2d at 644.

In the present case, evidence was presented that defendant trustees, in exercising their discretion as to whether to distribute to David R. Geitner, annually examined the plaintiff's reports on the costs for David's care, considered the size of the guardianship

account and the income therefrom, and concluded that the guardianship account was still sufficient to provide for David's support; there was also evidence that the guardianship account had a value of $953,270.82. The court made findings of fact consistent with such evidence and this Court is therefore bound by such findings of fact. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979). These findings of fact indicate that defendants, in exercising their discretion, considered the costs for David R. Geitner's upkeep and considered whether there were funds available to cover those costs. We therefore are not prepared to say that defendants' determination, as of 1981, not to make a distribution from the Christine M. Geitner testamentary trust was beyond the bounds of reasonable judgment. The findings of fact support the ruling that there was no abuse of discretion, and this assignment of error is overruled.

Plaintiff also assigns as error the court's "establishing the plaintiff's burden of proof to be such that the plaintiff was under a duty to produce the maximum income possible," and the court's "imposing its investmental philosophies upon the guardian." There is nothing, however, in the record or in the judgment to indicate that the court considered plaintiff's investmental policy or that it based its decision on any failure by plaintiff to produce the maximum income possible. Rather, the court's judgment that defendants are not presently required to contribute was amply supported by conclusions of law, which were supported by findings of fact, which in turn were supported by competent evidence that defendants had not abused their discretionary powers. These assignments of error are without merit.

Plaintiff further assigns error to the following finding of fact made by the court:

15. From the inception of the guardianship on May 19, 1961, through June 19, 1975, when David R. Geitner was conditionally released from Broughton Hospital, the assets held by the Bank as guardian for David R. Geitner generated more income than was necessary for his proper upkeep. After reviewing the final account filed by the guardian each year, the trustees under the Christine M. Geitner Trust determined that David R. Geitner had suffficient income from his personal assets. (EXCEPTION NO. 4)

Plaintiff takes this finding to apply to those years in which the guardianship estate had an income deficit and therefore argues that the finding that the trustees determined that there was sufficient income was unsupported by the evidence.

"When findings that are . . . supported by competent evidence . . . are sufficient to support the judgment, the judgment will not be disturbed because another finding, which does not affect the conclusion, is not supported by evidence." *Dawson Industries, Inc. v. Godley Construction Co.*, 29 N.C. App. 270, 275, 224 S.E. 2d 266, 269, *disc. rev. denied*, 290 N.C. 551, 226 S.E. 2d 509 (1976). As previously stated, the court's judgment that defendants are not presently required to contribute to the maintenance of David R. Geitner is sufficiently supported by the evidence, findings and conclusions. The finding of fact challenged by this assignment of error is not critical in providing such support. Nevertheless, the challenged finding is supported by the evidence. The finding pertains only to those years in which there was no income deficit, *i.e.*, 1961-75, and there was evidence that defendants determined the income to be sufficient for those years. The assignment of error is overruled.

[3] Finally, plaintiff assigns error to the following ruling made by the trial court:

Under the testamentary trust created in the Will of Christine M. Geitner, the trustees may consider the entire personal estate of David R. Geitner in determining whether to contribute to his support in any given year. Until the principal of the guardianship account of Plaintiff's ward and the income earned by said guardianship account are diminished to the point to where the income and corpus of the guardianship estate will no longer sufficiently supply the proper sums for the support, maintenance and comfort of the Plaintiff's ward, the Defendant-Trustees shall not be required to contribute to the support of the Plaintiff's ward.

Necessarily included within the second sentence of the challenged ruling is a subsidiary ruling that defendant trustees shall not presently be required to contribute to the support of plaintiff's ward. Since a court will not compel a trustee to exercise a discretionary power absent an abuse of discretion by the trustee, *Woodard v. Mordecai, supra*, and since we have held that

defendants in the present case have not abused their discretion, the court's subsidiary ruling that defendants are not presently required to contribute to the support of David R. Geitner was proper. The challenged ruling also deals with when defendants shall be required to make a contribution in the future. With respect to that issue, the trial court could do no more than say that the defendant trustees will be required to contribute only when failure to do so would constitute an abuse of discretion. A ruling that went beyond that would be improper, since the record is blank as to the issue of any future abuse of discretion. Judicial power does not extend to abstract questions, but only to concrete, justiciable, and actual controversies properly brought before the court; each decision of law must be based on specific determinative facts established by stipulation or by appropriate legal procedure. *Boswell v. Boswell*, 241 N.C. 515, 85 S.E. 2d 899 (1955); *Cox v. City of Kinston*, 217 N.C. 391, 8 S.E. 2d 252 (1940); *Green v. Eure*, 27 N.C. App. 605, 220 S.E. 2d 102 (1975), *disc. rev. denied and appeal dismissed*, 289 N.C. 297, 222 S.E. 2d 696 (1976). As of now, there can be no findings of fact as to when, if ever, defendants will commit a future abuse of discretion, and therefore the court's ruling on when defendants will be required to contribute in the future is mere surplusage and must be stricken from the judgment.

The result is as follows: That part of the judgment ruling that defendants are not presently required to contribute to David R. Geitner's support is affirmed; that part of the judgment ruling that defendants shall not be so required until the income and corpus of the guardianship account are insufficient for the support of plaintiff's ward is vacated.

Affirmed in part and vacated in part.

Judges MARTIN (Harry C.) and BECTON concur.