286 S.E.2d 818 (1982)
FIRST NATIONAL BANK OF CATAWBA COUNTY, in its capacity as Guardian of David Royer Geitner, an Incompetent, Appellant,
v.
Joseph P. EDENS, Jr., Trustee and Harvey A. Jonas, Jr., Trustee, Co-Trustees under the Christine M. Geitner Testamentary Trust, and Joseph P. Edens, Jr., Mrs. Douglas M. Edens, Grace M. Hartis Gibson, Gladys Ponder Mitchell, Virginia M. Rogers, Anita Mitchell, Guardian for Robert L. Mitchell, Jr., and Anita Mitchell, Guardian for David C. Mitchell, Beneficiaries, Appellees.
No. 8125SC529.
Court of Appeals of North Carolina.
February 16, 1982.
*821 Sigmon, Clark & Mackie by E. Fielding Clark, II, Hickory, for plaintiff-appellant.
Williams & Pannell by Richard A. Williams and Richard A. Williams, Jr., Newton, for defendants-appellees.
HEDRICK, Judge.
Plaintiff assigns as error the court's ruling that the terms of the Christine M. Geitner testamentary trust gave defendant trustees sole discretion, and the right to exercise such discretion, in determining whether to contribute to the support of David R. Geitner. Plaintiff argues that the trust's terms require defendants to make a contribution from the testamentary trust whenever the income from the guardianship account is not sufficient to pay for David R. Geitner's support for the relevant year.
The powers of a trustee are either mandatory or discretionary. A power is mandatory when it authorizes and commands the trustee to perform some positive act.... A power is discretionary when the trustee may either exercise it or refrain from exercising it, ... or when the time, or manner, or extent of its exercise is left to his discretion.
Woodard v. Mordecai, 234 N.C. 463, 471, 67 S.E.2d 639, 644 (1951). [Emphasis added.]
The language of the testamentary trust in the present case charges the trustees "[t]o use any part of the income from and/or corpus of said Trust which, in the sole discretion of said Trustees, may be necessary or proper for the support, maintenance and comfort of my son DAVID R. GEITNER, so long as he lives." [Emphasis added.] The trust's language also states that if the income from David's share in the John G. H. Geitner estate is not adequate for David's every need and comfort, "then... said trustees shall have the power and authority, in their sole discretion, to use any part or all of the income from the trust and/or any part or all of the corpus of the trust for such purposes." [Emphasis added.] It is significant that the settlor twice referred to the "sole discretion" of the trustees. Furthermore, the trust instrument addresses the situation of the income from the guardianship account being insufficient for David's support; upon such contingency, the language does not say that the trustees shall distribute from the trust, but only that the trustees shall have the power and authority, in their sole discretion, to so distribute. The language, therefore, is permissive, not mandatory. Compare Kuykendall v. Proctor, 270 N.C. 510, 155 S.E.2d 293 (1967). Upon an income deficit in the guardianship account, the trustees are not commanded to distribute, but are merely empowered to do so; they may either exercise their power to distribute or refrain from doing so, in their discretion. The power to distribute is discretionary and this assignment of error is overruled.
Plaintiff also assigns error to the court's ruling that the trustees did not abuse their discretion in refusing to contribute to David R. Geitner's support.

*822 The court will always compel the trustee to exercise a mandatory power.... It is otherwise, however, with respect to a discretionary power. The court will not undertake to control the trustee with respect to the exercise of a discretionary power, except to prevent an abuse by him of his discretion. The trustee abuses his discretion in exercising or failing to exercise a discretionary power if he acts dishonestly, or if he acts with an improper even though not a dishonest motive, or if he fails to use his judgment, or if he acts beyond the bounds of a reasonable judgment.
Woodard v. Mordecai, supra 243 N.C. at 471, 67 S.E.2d at 644.
In the present case, evidence was presented that defendant trustees, in exercising their discretion as to whether to distribute to David R. Geitner, annually examined the plaintiff's reports on the costs for David's care, considered the size of the guardianship account and the income therefrom, and concluded that the guardianship account was still sufficient to provide for David's support; there was also evidence that the guardianship account had a value of $953,270.82. The court made findings of fact consistent with such evidence and this Court is therefore bound by such findings of fact. Henderson County v. Osteen, 297 N.C. 113, 254 S.E.2d 160 (1979). These findings of fact indicate that defendants, in exercising their discretion, considered the costs for David R. Geitner's upkeep and considered whether there were funds available to cover those costs. We therefore are not prepared to say that defendants' determination, as of 1981, not to make a distribution from the Christine M. Geitner testamentary trust was beyond the bounds of reasonable judgment. The findings of fact support the ruling that there was no abuse of discretion, and this assignment of error is overruled.
Plaintiff also assigns as error the court's "establishing the plaintiff's burden of proof to be such that the plaintiff was under a duty to produce the maximum income possible," and the court's "imposing its investmental philosophies upon the guardian." There is nothing, however, in the record or in the judgment to indicate that the court considered plaintiff's investmental policy or that it based its decision on any failure by plaintiff to produce the maximum income possible. Rather, the court's judgment that defendants are not presently required to contribute was amply supported by conclusions of law, which were supported by findings of fact, which in turn were supported by competent evidence that defendants had not abused their discretionary powers. These assignments of error are without merit.
Plaintiff further assigns error to the following finding of fact made by the court:
15. From the inception of the guardianship on May 19, 1961, through June 19, 1975, when David R. Geitner was conditionally released from Broughton Hospital, the assets held by the Bank as guardian for David R. Geitner generated more income than was necessary for his proper upkeep. After reviewing the final account filed by the guardian each year, the trustees under the Christine M. Geitner Trust determined that David R. Geitner had sufficient income from his personal assets. (EXCEPTION NO. 4)
Plaintiff takes this finding to apply to those years in which the guardianship estate had an income deficit and therefore argues that the finding that the trustees determined that there was sufficient income was unsupported by the evidence.
"When findings that are ... supported by competent evidence ... are sufficient to support the judgment, the judgment will not be disturbed because another finding, which does not affect the conclusion, is not supported by evidence." Dawson Industries, Inc. v. Godley Construction Co., 29 N.C.App. 270, 275, 224 S.E.2d 266, 269, disc. rev. denied, 290 N.C. 551, 226 S.E.2d 509 (1976). As previously stated, the court's judgment that defendants are not presently required to contribute to the maintenance of David R. Geitner is sufficiently supported by the evidence, findings and conclusions. The finding of fact challenged *823 by this assignment of error is not critical in providing such support. Nevertheless, the challenged finding is supported by the evidence. The finding pertains only to those years in which there was no income deficit, i.e., 1961-75, and there was evidence that defendants determined the income to be sufficient for those years. The assignment of error is overruled.
Finally, plaintiff assigns error to the following ruling made by the trial court:
Under the testamentary trust created in the Will of Christine M. Geitner, the trustees may consider the entire personal estate of David R. Geitner in determining whether to contribute to his support in any given year. Until the principal of the guardianship account of Plaintiff's ward and the income earned by said guardianship account are diminished to the point to where the income and corpus of the guardianship estate will no longer sufficiently supply the proper sums for the support, maintenance and comfort of the Plaintiff's ward, the Defendant-Trustees shall not be required to contribute to the support of the Plaintiff's ward.
Necessarily included within the second sentence of the challenged ruling is a subsidiary ruling that defendant trustees shall not presently be required to contribute to the support of plaintiff's ward. Since a court will not compel a trustee to exercise a discretionary power absent an abuse of discretion by the trustee, Woodard v. Mordecai, supra, and since we have held that defendants in the present case have not abused their discretion, the court's subsidiary ruling that defendants are not presently required to contribute to the support of David R. Geitner was proper. The challenged ruling also deals with when defendants shall be required to make a contribution in the future. With respect to that issue, the trial court could do no more than say that the defendant trustees will be required to contribute only when failure to do so would constitute an abuse of discretion. A ruling that went beyond that would be improper, since the record is blank as to the issue of any future abuse of discretion. Judicial power does not extend to abstract questions, but only to concrete, justiciable, and actual controversies properly brought before the court; each decision of law must be based on specific determinative facts established by stipulation or by appropriate legal procedure. Boswell v. Boswell, 241 N.C. 515, 85 S.E.2d 899 (1955); Cox v. City of Kinston, 217 N.C. 391, 8 S.E.2d 252 (1940); Green v. Eure, 27 N.C.App. 605, 220 S.E.2d 102 (1975), disc. rev. denied and appeal dismissed, 289 N.C. 297, 222 S.E.2d 696 (1976). As of now, there can be no findings of fact as to when, if ever, defendants will commit a future abuse of discretion, and therefore the court's ruling on when defendants will be required to contribute in the future is mere surplusage and must be stricken from the judgment.
The result is as follows: That part of the judgment ruling that defendants are not presently required to contribute to David R. Geitner's support is affirmed; that part of the judgment ruling that defendants shall not be so required until the income and corpus of the guardianship account are insufficient for the support of plaintiff's ward is vacated.
Affirmed in part and vacated in part.
HARRY C. MARTIN and BECTON, JJ., concur.