IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-588

No. COA20-903

Filed 2 November 2021

New Hanover County, No. 19 CVS 1957

T. ALAN PHILLIPS and ROBERT WARWICK, in their capacities as co-Trustees of the Marital Trust created under Section 2 of ARTICLE IV of the Hugh MacRae II Revocable Declaration of Trust; and ROBERT WARWICK, HUGH MACRAE III, and NELSON MACRAE, in their capacities as co-Trustees of the Family Trust created under Section 3 of ARTICLE IV of the Hugh MacRae II Revocable Declaration of Trust which Family Trust is the sole remainder beneficiary of the Marital Trust, Plaintiffs,

v.

EUNICE TAYLOR MACRAE and MARGUERITE BELLAMY MACRAE, in her capacity as a beneficiary of the Family Trust, Defendants.

Appeal by plaintiffs from order entered 25 August 2020 by Judge Phyllis M. Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 21 September 2021.

*Womble Bond Dickinson (US) LLP, by Lawrence A. Moye, IV and Elizabeth K. Arias, and Hogue Hill LLP, by Patricia C. Jenkins, for plaintiffs-appellants.*

*Johnston, Allison & Hord, P.A., by Kimberly J. Kirk and David T. Lewis, and Law Office of Susan M. Keelin, PLLC, by Susan M. Keelin, for defendants-appellees.*

TYSON, Judge.

T. Alan Phillips ("Phillips") and Robert Warwick ("Warwick") in their capacities as co-Trustees of the Marital Trust created under section 2 of Article IV of

the Hugh MacRae II Revocable Declaration of Trust; and Warwick, Hugh MacRae, III, and Nelson MacRae, in their capacities as co-Trustees of the Family Trust created under Section 3 of Article IV of the Hugh MacRae II Revocable Declaration of Trust which Family Trust is the sole remainder beneficiary of the Marital Trust (collectively "Plaintiffs") appeal from an order entered 26 August 2020 granting summary judgment in favor of Eunice Taylor MacRae and Marguerite Bellamy MacRae in their capacities as beneficiaries of the Family Trust (collectively "Defendants"). We reverse summary judgment and remand.

## I. Background

Hugh MacRae II ("Decedent") died on 8 October 2018. Decedent was survived by his second wife, Eunice Taylor MacRae ("Eunice"); his three adult children from his first marriage: Hugh MacRae III ("Hugh"), Nelson MacRae ("Nelson"), Rachel Cameron MacRae Gray ("Rachel"); and his adult child from his second marriage to Eunice, Marguerite Bellamy MacRae ("Marguerite").

Decedent's Last Will and Testament dated 31 January 2014 bequeathed his residuary estate to the Trustees of his Revocable Trust. The Revocable Trust was created under an Amended Revocable Declaration of Trust dated 31 January 2014. Decedent created this Revocable Trust that upon his death was to be divided into two testamentary trusts: a Marital Trust and a Family Trust. The Marital Trust was to be administered under Section 2 of Article IV of the Revocable Trust Agreement for

the benefit of Eunice during her lifetime. The Marital Trust terminates upon Eunice's death. The Trustees of the Marital Trust are Phillips and Warwick.

¶ 4 The Trustees of the Family Trust are Hugh, Nelson, and Warwick. The Family Trust was to be administered under Section 3 of Article IV for the equal benefit of Decedent's four children and their descendants. The Family Trust for the benefit of the four children is the sole remainder beneficiary of the Marital Trust.

¶ 5 Plaintiffs assert Decedent articulated and established two estate planning goals: (1) to ensure Eunice was well provided for upon his death; and, (2) to ensure all four of his children were treated equally following his death. Decedent's stated fear was that any of his assets left outright to Eunice would be left solely to her daughter, Marguerite, upon her death, to the exclusion of his other three children from his first marriage. Decedent also believed Eunice would challenge his estate plan, if any legal basis existed to do so.

¶ 6 Decedent along with his accountant, Warwick, and estate planning attorney, Talmage Jones, sought to accomplish his testamentary plan and intent and to prevent this eventuality from occurring. Jones drafted the Marital Trust to be a 100% fully countable trust to satisfy a spousal share pursuant to N.C. Gen. Stat. § 30-3.3A(e)(1) (2019).

¶ 7 Decedent informed Warwick that Jones "is checking results to be certain the will exceeds N.C. laws for spouses['] share and would not be likely to be contested."

Jones later informed Decedent that Eunice's statutory spouse's share could be satisfied by a devise into a marital trust. After Decedent's death, Eunice challenged the Decedent's estate plan. She filed an elective share claim against the estate to challenge the value assigned to the Marital Trust in calculating the amount of any elective share to which she may be entitled. Eunice asserted the Marital Trust did not meet the requirements to be counted at 100% of its value towards her elective share.

¶ 8 Plaintiffs filed a claim for a declaratory judgment: (1) seeking a declaration that the terms of the Marital Trust met the requirements of N.C. Gen. Stat. § 30-3.3A(e)(1) to be a 100% countable trust as property passing to the surviving spouse under N.C. Gen. Stat. § 30-3.2(3c) (2019) for calculation of an elective share; (2) seeking an order pursuant to N.C. Gen. Stat. § 36C-4-412 (2019) to modify the terms of the Marital Trust to be a 100% fully countable trust due to circumstances not anticipated by Decedent; and, (3) seeking an order pursuant to N.C. Gen. Stat. § 36C-4-415 (2019) modifying the terms of the Marital Trust to be a 100% fully countable trust to conform to Decedent's intent.

¶ 9 On 8 July 2019, Eunice filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the North Carolina Rules of Civil Procedure. *See* N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), 12(b)(6), and 12(b)(7) (2019). The trial court denied the motions but ordered Marguerite to be added as a party to the litigation. Upon cross

motions for summary judgment, the trial court granted Defendants' motion for summary judgment on all claims on 26 August 2020. Plaintiffs appealed.

## II.    Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2019).

## III.    Issue

Plaintiffs argue the trial court erred by granting Defendants' motion for summary judgment on all claims.

## IV.    Motion for Summary Judgment

### A. Standard of Review

North Carolina Rule of Civil Procedure 56(c) allows a moving party to obtain summary judgment upon demonstrating "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show they are "entitled to a judgment as a matter of law" and "there is no genuine issue as to any material fact." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019).

A material fact is one supported by evidence that would "persuade a reasonable mind to accept a conclusion." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citation omitted). "An issue is material if the facts alleged would . . . affect the result of the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). When reviewing the evidence at summary judgment: "[a]ll inferences of fact from the proofs offered at the hearing must be

drawn against the movant and in favor of the party opposing the motion." *Boudreau v. Baughman*, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citation omitted).

¶ 14    "The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact." *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (citation omitted). "This burden may be met by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Id.* (citation and internal quotation marks omitted).

¶ 15    On appeal, "[t]he standard of review for summary judgment is de novo." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

## B.  9 September 2019 Order

¶ 16    In the 9 September 2019 order, the trial court denied Defendants' Rules 12(b)(1), 12(b)(6), and 12(b)(7) motions. Plaintiffs argue this order finds the terms of the Marital Trust are ambiguous. Plaintiffs assert the 26 August 2020 order granting summary judgment to Defendants improperly overrules the legal conclusion of another judge.

¶ 17    Our Supreme Court has held: "no appeal lies from one Superior Court judge to another, that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another

Superior Court judge, previously made in the same action." *State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003).

The trial court's standards to rule upon a Rule 12(b)(6) motion to dismiss and a Rule 56 motion for summary judgment are different and present separate legal questions. *Barbour v. Little*, 37 N.C. App. 686, 692, 247 S.E.2d 252, 255 (1978). "The test on a motion to dismiss under Rule 12(b)(6) is whether the pleading is legally sufficient." *Id.* at 692, 247 S.E.2d at 256. The test for a Rule 56 motion for summary judgment that is "supported by matters outside the pleadings is whether on the basis of the materials presented to the court there is any genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law." *Id.*

In *Barbour*, this Court held: "the denial of a motion to dismiss made under Rule 12(b)(6) does not prevent the court, whether in the person of the same or different superior court judge, from thereafter allowing a subsequent motion for summary judgment made and supported as is provided in Rule 56." *Id.*

The subsequent allowing of a motion for summary judgment where a prior Rule 12(b)(6) motion was denied by the same or by a different judge is permitted by our longstanding precedents. One superior court judge did not overrule another superior court judge in this ruling. Plaintiffs' argument is overruled.

### C. N.C. Gen. Stat. § 30-3.3A(e)(1) Requirements

Plaintiffs argue the trial court improperly found the Marital Trust was not a

100% fully countable trust within the requirements of N.C. Gen. Stat. § 30-3.3A(e)(1).

N.C. Gen. Stat. § 30-3.3A(e)(1) provides when valuing a partial and contingent

interest passing to the surviving spouse:

> The value of the beneficial interest of a spouse shall be the entire fair market value of any property held in trust if the decedent was the settlor of the trust, if the trust is held for the exclusive benefit of the surviving spouse during the surviving spouse's lifetime, and if the terms of the trust meet the following requirements:
>
> > a. During the lifetime of the surviving spouse, the trust is controlled by one or more nonadverse trustees.
> >
> > b. The trustee shall distribute to or for the benefit of the surviving spouse either (i) the entire net income of the trust at least annually or (ii) the income of the trust in such amounts and at such times as the trustee, in its discretion, determines necessary for the health, maintenance, and support of the surviving spouse.
> >
> > c. The trustee shall distribute to or for the benefit of the surviving spouse out of the principal of the trust such amounts and at such times as the trustee, in its discretion, determines necessary for the health, maintenance, and support of the surviving spouse.
> >
> > d. In exercising discretion, the trustee may be authorized or required to take into consideration all other income assets and other means of support available to the surviving spouse.

N.C. Gen. Stat. § 30-3.3A(e)(1) (2019). Decedent was the settlor of the trust. The

terms of the Marital Trust are for the exclusive benefit of his surviving spouse,

Eunice, during her lifetime.

### 1. *Nonadverse Trustees*

Decedent appointed Phillips and Warwick as trustees of the Marital Trust. N.C. Gen. Stat. § 30-3.3A(e)(1)a provides and requires, "During the lifetime of the surviving spouse, the trust is controlled by one or more nonadverse trustees." The Marital Trust currently has nonadverse trustees in Phillips and Warwick. Defendants argue the trustees of the Marital Trust could become adverse in the future and asserts no requirement in the trust documents requires nonadverse trustees. Plaintiffs argue Phillips and Warwick could serve until Eunice's death, but if they should resign or die, a successor trustee could be substituted, who is also nonadverse to comply with the statute. N.C. Gen. Stat. § 30-3.3A(e)(1)a. Speculation about a purported future adverse trustee violation does not prevent the Marital Trust with its current trustees from qualifying under this statutory requirement. Defendants' argument on this issue is without merit.

### 2. *Trustee Discretion Over Principal Distributions*

Defendants argue the Marital Trust does not require principal distributions pursuant to N.C. Gen. Stat. § 30-3.3A(e)(1)c. The statute provides: "The trustee shall distribute to *or for the benefit of* the surviving spouse out of the principal of the trust such amounts and at such times as the trustee, *in its discretion*, determines necessary for the health, maintenance, and support of the surviving spouse." N.C. Gen. Stat. §30-3.3A(e)(1)c (emphasis supplied).

¶ 24      The Marital Trust provides:

> My Trustees may distribute all or any portion of the principal of the trust to my wife in such amounts and at such times as my Trustees may determine to be necessary and prudent. I admonish my wife's trustees to make all reasonable efforts to preserve the principal of her trust, invading principal only when absolutely necessary for essential things, but not for unusual or unnecessary luxury items.

N.C. Gen. Stat. § 30-3.3A(e)(1)c reads "shall make", while the terms of the Marital Trust state "may make." Plaintiffs concede the Marital Trust provides the Trustees with discretion for permissive and not mandatory distributions of the principal, but assert this language satisfies the requirements of N.C. Gen. Stat. § 30-3.3A(e)(1)c, citing *First Nat'l Bank of Catawba Cty. v. Edens*, 55 N.C. App. 697, 286 S.E.2d 818 (1982) for support.

¶ 25      To resolve the parties' arguments, we must first determine whether invasion of principal distributions is mandatory or permissive under N.C. Gen. Stat. § 30-3.3A(e)(1)c. In reviewing this statute, we are guided by several well-established principles of statutory construction.

¶ 26      "The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998)). "The best indicia of that intent are the language of the statute . . . , the spirit of the act and

what the act seeks to accomplish." *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted).

¶ 27        "When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself[.]" *State v. Ward*, 364 N.C. 157, 160, 694 S.E.2d 729, 731 (2010). "Interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Taylor v. Robinson*, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291 (1998) (internal quotation marks and ellipses omitted) (citations omitted).

¶ 28        The plain meaning of the statute is clear and unambigious. N.C. Gen. Stat. § 30-3.3A(e)(1) contains permissive language giving the trustee discretion how and when to make distributions of principal and the amount of the distribution. This is consistent with this Court's holding in *First Nat'l Bank*, where this Court held the word "shall" plus trustee discretion creates a permissive power. *First Nat'l Bank*, 55 N.C. App. at 702, 286 S.E.2d 821.

¶ 29        N.C. Gen. Stat. § 30-3.3A(e)(1)c provides for permissive or discretionary distributions and the terms of the Marital Trust permit permissive distributions. The sub-sections b and c of the statute also limits and provides the Trustee "in its discretion," to "determine [what is] necessary for the health, maintenance, and support of the surviving spouse." *Id.* The trial court erred in awarding summary judgment to Defendants and holding as a matter of law the trust did not meet the

requirements of N.C. Gen. Stat. § 30-3.3A(e)(1) to be a 100% fully countable trust against a surviving spouse's elective share.

### 3. Distributions for Surviving Spouse's Benefit

¶ 30 N.C. Gen. Stat. § 30-3.3A(e)(1)b provides the trustees "shall make" distributions for the surviving spouse's benefit when "in its discretion, determines necessary for the health, maintenance, and support of the surviving spouse." The Trustees' obligations thereunder are compliant with N.C. Gen. Stat. § 30-3.3A(e)(1)b. The Marital Trust required the net income of the trust to be distributed to Eunice at least quarter annually. As consistent with the Decedent's and settlor of the Marital Trust's expressed intent, the Trustees of the Marital Trust have the discretion to make distributions for Eunice's benefit so long as the distributions are "necessary for the health, maintenance, and support of the surviving spouse." *Id.*

### 4. Other Means of Support

¶ 31 N.C. Gen. Stat. § 30-3.3A(e)d provides the trustee can in their discretion take into consideration other income assets and other means of support of the surviving spouse. Here, the terms of the Marital Trust provide the Trustees have the discretion to consider "any other means of support available to my wife." The Marital Trust meets the requirements of N.C. Gen. Stat. § 30-3.3A(e)(1) to be a 100% fully countable trust. Because we reach this conclusion, it is unnecessary to and we do not reach Plaintiffs' arguments under N.C. Gen. Stat. § 36C-4-412 for modification or under

N.C. Gen. Stat. § 36C-4-415 for reformation.

## V.    Conclusion

The trial court erred in granting summary judgment for Defendants.  The Marital Trust meets all statutory requirements and named nonadverse trustees presently and in perpetuity because of the Trustee's rights to appoint another nonadverse trustee.  N.C. Gen. Stat. § 30-3.3A(e)(1)c provides for permissive distributions of principal, while the terms of the Marital Trust also provide for permissive distributions.  The Marital Trust meets the requirements of N.C. Gen. Stat. § 30-3.3A(e)(1) to be a 100% fully countable trust.  The order of the trial court is reversed and the cause is remanded for further proceedings as are consistent with this opinion.  *It is so ordered.*

REVERSED AND REMANDED.

Judges GORE and JACKSON concur.