IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-588

 No. COA20-903

 Filed 2 November 2021

 New Hanover County, No. 19 CVS 1957

 T. ALAN PHILLIPS and ROBERT WARWICK, in their capacities as co-Trustees of
 the Marital Trust created under Section 2 of ARTICLE IV of the Hugh MacRae II
 Revocable Declaration of Trust; and ROBERT WARWICK, HUGH MACRAE III, and
 NELSON MACRAE, in their capacities as co-Trustees of the Family Trust created
 under Section 3 of ARTICLE IV of the Hugh MacRae II Revocable Declaration of
 Trust which Family Trust is the sole remainder beneficiary of the Marital Trust,
 Plaintiffs,

 v.

 EUNICE TAYLOR MACRAE and MARGUERITE BELLAMY MACRAE, in her
 capacity as a beneficiary of the Family Trust, Defendants.

 Appeal by plaintiffs from order entered 25 August 2020 by Judge Phyllis M.

 Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 21

 September 2021.

 Womble Bond Dickinson (US) LLP, by Lawrence A. Moye, IV and Elizabeth K.
 Arias, and Hogue Hill LLP, by Patricia C. Jenkins, for plaintiffs-appellants.

 Johnston, Allison & Hord, P.A., by Kimberly J. Kirk and David T. Lewis, and
 Law Office of Susan M. Keelin, PLLC, by Susan M. Keelin, for defendants-
 appellees.

 TYSON, Judge.

¶1 T. Alan Phillips (”Phillips”) and Robert Warwick (“Warwick”) in their

 capacities as co-Trustees of the Marital Trust created under section 2 of Article IV of
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 the Hugh MacRae II Revocable Declaration of Trust; and Warwick, Hugh MacRae,

 III, and Nelson MacRae, in their capacities as co-Trustees of the Family Trust created

 under Section 3 of Article IV of the Hugh MacRae II Revocable Declaration of Trust

 which Family Trust is the sole remainder beneficiary of the Marital Trust (collectively

 “Plaintiffs”) appeal from an order entered 26 August 2020 granting summary

 judgment in favor of Eunice Taylor MacRae and Marguerite Bellamy MacRae in their

 capacities as beneficiaries of the Family Trust (collectively “Defendants”). We reverse

 summary judgment and remand.

 I. Background

¶2 Hugh MacRae II (“Decedent”) died on 8 October 2018. Decedent was survived

 by his second wife, Eunice Taylor MacRae (“Eunice”); his three adult children from

 his first marriage: Hugh MacRae III (“Hugh”), Nelson MacRae (“Nelson”), Rachel

 Cameron MacRae Gray (“Rachel”); and his adult child from his second marriage to

 Eunice, Marguerite Bellamy MacRae (“Marguerite”).

¶3 Decedent’s Last Will and Testament dated 31 January 2014 bequeathed his

 residuary estate to the Trustees of his Revocable Trust. The Revocable Trust was

 created under an Amended Revocable Declaration of Trust dated 31 January 2014.

 Decedent created this Revocable Trust that upon his death was to be divided into two

 testamentary trusts: a Marital Trust and a Family Trust. The Marital Trust was to

 be administered under Section 2 of Article IV of the Revocable Trust Agreement for
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 the benefit of Eunice during her lifetime. The Marital Trust terminates upon Eunice’s

 death. The Trustees of the Marital Trust are Phillips and Warwick.

¶4 The Trustees of the Family Trust are Hugh, Nelson, and Warwick. The Family

 Trust was to be administered under Section 3 of Article IV for the equal benefit of

 Decedent’s four children and their descendants. The Family Trust for the benefit of

 the four children is the sole remainder beneficiary of the Marital Trust.

¶5 Plaintiffs assert Decedent articulated and established two estate planning

 goals: (1) to ensure Eunice was well provided for upon his death; and, (2) to ensure

 all four of his children were treated equally following his death. Decedent’s stated

 fear was that any of his assets left outright to Eunice would be left solely to her

 daughter, Marguerite, upon her death, to the exclusion of his other three children

 from his first marriage. Decedent also believed Eunice would challenge his estate

 plan, if any legal basis existed to do so.

¶6 Decedent along with his accountant, Warwick, and estate planning attorney,

 Talmage Jones, sought to accomplish his testamentary plan and intent and to prevent

 this eventuality from occurring. Jones drafted the Marital Trust to be a 100% fully

 countable trust to satisfy a spousal share pursuant to N.C. Gen. Stat. § 30-3.3A(e)(1)

 (2019).

¶7 Decedent informed Warwick that Jones “is checking results to be certain the

 will exceeds N.C. laws for spouses[’] share and would not be likely to be contested.”
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 Jones later informed Decedent that Eunice’s statutory spouse’s share could be

 satisfied by a devise into a marital trust. After Decedent’s death, Eunice challenged

 the Decedent’s estate plan. She filed an elective share claim against the estate to

 challenge the value assigned to the Marital Trust in calculating the amount of any

 elective share to which she may be entitled. Eunice asserted the Marital Trust did

 not meet the requirements to be counted at 100% of its value towards her elective

 share.

¶8 Plaintiffs filed a claim for a declaratory judgment: (1) seeking a declaration

 that the terms of the Marital Trust met the requirements of N.C. Gen. Stat. § 30-

 3.3A(e)(1) to be a 100% countable trust as property passing to the surviving spouse

 under N.C. Gen. Stat. § 30-3.2(3c) (2019) for calculation of an elective share; (2)

 seeking an order pursuant to N.C. Gen. Stat. § 36C-4-412 (2019) to modify the terms

 of the Marital Trust to be a 100% fully countable trust due to circumstances not

 anticipated by Decedent; and, (3) seeking an order pursuant to N.C. Gen. Stat. § 36C-

 4-415 (2019) modifying the terms of the Marital Trust to be a 100% fully countable

 trust to conform to Decedent’s intent.

¶9 On 8 July 2019, Eunice filed a motion to dismiss pursuant to Rules 12(b)(1),

 12(b)(6), and 12(b)(7) of the North Carolina Rules of Civil Procedure. See N.C. Gen.

 Stat. § 1A-1, Rules 12(b)(1), 12(b)(6), and 12(b)(7) (2019). The trial court denied the

 motions but ordered Marguerite to be added as a party to the litigation. Upon cross
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 motions for summary judgment, the trial court granted Defendants’ motion for

 summary judgment on all claims on 26 August 2020. Plaintiffs appealed.

 II. Jurisdiction

¶ 10 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2019).

 III. Issue

¶ 11 Plaintiffs argue the trial court erred by granting Defendants’ motion for

 summary judgment on all claims.

 IV. Motion for Summary Judgment

 A. Standard of Review

¶ 12 North Carolina Rule of Civil Procedure 56(c) allows a moving party to obtain

 summary judgment upon demonstrating “the pleadings, depositions, answers to

 interrogatories, and admissions on file, together with the affidavits” show they are

 “entitled to a judgment as a matter of law” and “there is no genuine issue as to any

 material fact.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019).

¶ 13 A material fact is one supported by evidence that would “persuade a reasonable

 mind to accept a conclusion.” Liberty Mut. Ins. Co. v. Pennington, 356 N.C. 571, 579,

 573 S.E.2d 118, 124 (2002) (citation omitted). “An issue is material if the facts alleged

 would . . . affect the result of the action.” Koontz v. City of Winston-Salem, 280 N.C.

 513, 518, 186 S.E.2d 897, 901 (1972). When reviewing the evidence at summary

 judgment: “[a]ll inferences of fact from the proofs offered at the hearing must be
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 drawn against the movant and in favor of the party opposing the motion.” Boudreau

 v. Baughman, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citation omitted).

¶ 14 “The party moving for summary judgment bears the burden of establishing

 that there is no triable issue of material fact.” DeWitt v. Eveready Battery Co., 355

 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (citation omitted). “This burden may be

 met by proving that an essential element of the opposing party’s claim is nonexistent,

 or by showing through discovery that the opposing party cannot produce evidence to

 support an essential element of his claim or cannot surmount an affirmative defense

 which would bar the claim.” Id. (citation and internal quotation marks omitted).

¶ 15 On appeal, “[t]he standard of review for summary judgment is de novo.” Forbis

 v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

 B. 9 September 2019 Order

¶ 16 In the 9 September 2019 order, the trial court denied Defendants’ Rules

 12(b)(1), 12(b)(6), and 12(b)(7) motions. Plaintiffs argue this order finds the terms of

 the Marital Trust are ambiguous. Plaintiffs assert the 26 August 2020 order granting

 summary judgment to Defendants improperly overrules the legal conclusion of

 another judge.

¶ 17 Our Supreme Court has held: “no appeal lies from one Superior Court judge to

 another, that one Superior Court judge may not correct another’s errors of law; and

 that ordinarily one judge may not modify, overrule, or change the judgment of another
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 Superior Court judge, previously made in the same action.” State v. Woolridge, 357

 N.C. 544, 549, 592 S.E.2d 191, 194 (2003).

¶ 18 The trial court’s standards to rule upon a Rule 12(b)(6) motion to dismiss and

 a Rule 56 motion for summary judgment are different and present separate legal

 questions. Barbour v. Little, 37 N.C. App. 686, 692, 247 S.E.2d 252, 255 (1978). “The

 test on a motion to dismiss under Rule 12(b)(6) is whether the pleading is legally

 sufficient.” Id. at 692, 247 S.E.2d at 256. The test for a Rule 56 motion for summary

 judgment that is “supported by matters outside the pleadings is whether on the basis

 of the materials presented to the court there is any genuine issue as to any material

 fact and whether the movant is entitled to judgment as a matter of law.” Id.

¶ 19 In Barbour, this Court held: “the denial of a motion to dismiss made under

 Rule 12(b)(6) does not prevent the court, whether in the person of the same or

 different superior court judge, from thereafter allowing a subsequent motion for

 summary judgment made and supported as is provided in Rule 56.” Id.

¶ 20 The subsequent allowing of a motion for summary judgment where a prior Rule

 12(b)(6) motion was denied by the same or by a different judge is permitted by our

 longstanding precedents. One superior court judge did not overrule another superior

 court judge in this ruling. Plaintiffs’ argument is overruled.

 C. N.C. Gen. Stat. § 30-3.3A(e)(1) Requirements

¶ 21 Plaintiffs argue the trial court improperly found the Marital Trust was not a
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

100% fully countable trust within the requirements of N.C. Gen. Stat. § 30-3.3A(e)(1).

N.C. Gen. Stat. § 30-3.3A(e)(1) provides when valuing a partial and contingent

interest passing to the surviving spouse:

 The value of the beneficial interest of a spouse shall be the
 entire fair market value of any property held in trust if the
 decedent was the settlor of the trust, if the trust is held for
 the exclusive benefit of the surviving spouse during the
 surviving spouse’s lifetime, and if the terms of the trust
 meet the following requirements:

 a. During the lifetime of the surviving spouse, the trust
 is controlled by one or more nonadverse trustees.

 b. The trustee shall distribute to or for the benefit of the
 surviving spouse either (i) the entire net income of the
 trust at least annually or (ii) the income of the trust in
 such amounts and at such times as the trustee, in its
 discretion, determines necessary for the health,
 maintenance, and support of the surviving spouse.

 c. The trustee shall distribute to or for the benefit of the
 surviving spouse out of the principal of the trust such
 amounts and at such times as the trustee, in its
 discretion, determines necessary for the health,
 maintenance, and support of the surviving spouse.

 d. In exercising discretion, the trustee may be
 authorized or required to take into consideration all
 other income assets and other means of support
 available to the surviving spouse.

N.C. Gen. Stat. § 30-3.3A(e)(1) (2019). Decedent was the settlor of the trust. The

terms of the Marital Trust are for the exclusive benefit of his surviving spouse,

Eunice, during her lifetime.
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 1. Nonadverse Trustees

¶ 22 Decedent appointed Phillips and Warwick as trustees of the Marital Trust.

 N.C. Gen. Stat. § 30-3.3A(e)(1)a provides and requires, “During the lifetime of the

 surviving spouse, the trust is controlled by one or more nonadverse trustees.” The

 Marital Trust currently has nonadverse trustees in Phillips and Warwick.

 Defendants argue the trustees of the Marital Trust could become adverse in the

 future and asserts no requirement in the trust documents requires nonadverse

 trustees. Plaintiffs argue Phillips and Warwick could serve until Eunice’s death, but

 if they should resign or die, a successor trustee could be substituted, who is also

 nonadverse to comply with the statute. N.C. Gen. Stat. § 30-3.3A(e)(1)a. Speculation

 about a purported future adverse trustee violation does not prevent the Marital Trust

 with its current trustees from qualifying under this statutory requirement.

 Defendants’ argument on this issue is without merit.

 2. Trustee Discretion Over Principal Distributions

¶ 23 Defendants argue the Marital Trust does not require principal distributions

 pursuant to N.C. Gen. Stat. § 30-3.3A(e)(1)c. The statute provides: “The trustee shall

 distribute to or for the benefit of the surviving spouse out of the principal of the trust

 such amounts and at such times as the trustee, in its discretion, determines necessary

 for the health, maintenance, and support of the surviving spouse.” N.C. Gen. Stat.

 §30-3.3A(e)(1)c (emphasis supplied).
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

¶ 24 The Marital Trust provides:

 My Trustees may distribute all or any portion of the
 principal of the trust to my wife in such amounts and at
 such times as my Trustees may determine to be necessary
 and prudent. I admonish my wife’s trustees to make all
 reasonable efforts to preserve the principal of her trust,
 invading principal only when absolutely necessary for
 essential things, but not for unusual or unnecessary luxury
 items.

 N.C. Gen. Stat. § 30-3.3A(e)(1)c reads “shall make”, while the terms of the Marital

 Trust state “may make.” Plaintiffs concede the Marital Trust provides the Trustees

 with discretion for permissive and not mandatory distributions of the principal, but

 assert this language satisfies the requirements of N.C. Gen. Stat. § 30-3.3A(e)(1)c,

 citing First Nat’l Bank of Catawba Cty. v. Edens, 55 N.C. App. 697, 286 S.E.2d 818

 (1982) for support.

¶ 25 To resolve the parties’ arguments, we must first determine whether invasion

 of principal distributions is mandatory or permissive under N.C. Gen. Stat. § 30-

 3.3A(e)(1)c. In reviewing this statute, we are guided by several well-established

 principles of statutory construction.

¶ 26 “The principal goal of statutory construction is to accomplish the legislative

 intent.” Lenox, Inc. v. Tolson, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing

 Polaroid Corp. v. Offerman, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998)). “The best

 indicia of that intent are the language of the statute . . . , the spirit of the act and
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 what the act seeks to accomplish.” Coastal Ready-Mix Concrete Co. v. Bd. of Comm’rs,

 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted).

¶ 27 “When construing legislative provisions, this Court looks first to the plain

 meaning of the words of the statute itself[.]” State v. Ward, 364 N.C. 157, 160, 694

 S.E.2d 729, 731 (2010). “Interpretations that would create a conflict between two or

 more statutes are to be avoided, and statutes should be reconciled with each other

 whenever possible.” Taylor v. Robinson, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291

 (1998) (internal quotation marks and ellipses omitted) (citations omitted).

¶ 28 The plain meaning of the statute is clear and unambigious. N.C. Gen. Stat. §

 30-3.3A(e)(1) contains permissive language giving the trustee discretion how and

 when to make distributions of principal and the amount of the distribution. This is

 consistent with this Court’s holding in First Nat’l Bank, where this Court held the

 word “shall” plus trustee discretion creates a permissive power. First Nat’l Bank, 55

 N.C. App. at 702, 286 S.E.2d 821.

¶ 29 N.C. Gen. Stat. § 30-3.3A(e)(1)c provides for permissive or discretionary

 distributions and the terms of the Marital Trust permit permissive distributions. The

 sub-sections b and c of the statute also limits and provides the Trustee “in its

 discretion,” to “determine [what is] necessary for the health, maintenance, and

 support of the surviving spouse.” Id. The trial court erred in awarding summary

 judgment to Defendants and holding as a matter of law the trust did not meet the
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 requirements of N.C. Gen. Stat. § 30-3.3A(e)(1) to be a 100% fully countable trust

 against a surviving spouse’s elective share.

 3. Distributions for Surviving Spouse’s Benefit

¶ 30 N.C. Gen. Stat. § 30-3.3A(e)(1)b provides the trustees “shall make”

 distributions for the surviving spouse’s benefit when “in its discretion, determines

 necessary for the health, maintenance, and support of the surviving spouse.” The

 Trustees’ obligations thereunder are compliant with N.C. Gen. Stat. § 30-3.3A(e)(1)b.

 The Marital Trust required the net income of the trust to be distributed to Eunice at

 least quarter annually. As consistent with the Decedent’s and settlor of the Marital

 Trust’s expressed intent, the Trustees of the Marital Trust have the discretion to

 make distributions for Eunice’s benefit so long as the distributions are “necessary for

 the health, maintenance, and support of the surviving spouse.” Id.

 4. Other Means of Support

¶ 31 N.C. Gen. Stat. § 30-3.3A(e)d provides the trustee can in their discretion take

 into consideration other income assets and other means of support of the surviving

 spouse. Here, the terms of the Marital Trust provide the Trustees have the discretion

 to consider “any other means of support available to my wife.” The Marital Trust

 meets the requirements of N.C. Gen. Stat. § 30-3.3A(e)(1) to be a 100% fully countable

 trust. Because we reach this conclusion, it is unnecessary to and we do not reach

 Plaintiffs’ arguments under N.C. Gen. Stat. § 36C-4-412 for modification or under
 PHILLIPS V. MACRAE

 2021-NCCOA-588

 Opinion of the Court

 N.C. Gen. Stat. § 36C-4-415 for reformation.

 V. Conclusion

¶ 32 The trial court erred in granting summary judgment for Defendants. The

 Marital Trust meets all statutory requirements and named nonadverse trustees

 presently and in perpetuity because of the Trustee’s rights to appoint another

 nonadverse trustee. N.C. Gen. Stat. § 30-3.3A(e)(1)c provides for permissive

 distributions of principal, while the terms of the Marital Trust also provide for

 permissive distributions. The Marital Trust meets the requirements of N.C. Gen.

 Stat. § 30-3.3A(e)(1) to be a 100% fully countable trust. The order of the trial court is

 reversed and the cause is remanded for further proceedings as are consistent with

 this opinion. It is so ordered.

 REVERSED AND REMANDED.

 Judges GORE and JACKSON concur.